UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| In Re: ) | |
| ) | |
| **BARBARA JEAN ROTHERMEL,** ) | |
| ) | |
| Debtor, ) | |
| ) | |
| _____ ) | Case No. 07-2160 |
| ) | |
| **KENNETH L. WRONKE,** ) | |
| ) | |
| Creditor/Appellant, ) | |
| ) | |
| vs. ) | |
| ) | |
| **BARBARA JEAN ROTHERMEL,** ) | |
| ) | |
| Debtor/Appellee. ) | |

_____

**OPINION**
_____

This matter is before the court on appeal from a decision of the United States Bankruptcy Court for the Central District of Illinois. On September 24, 2007, Appellant filed his brief, and Appellee filed her Response Brief (#3) on October 9, 2007. Appellant did not file a reply. For the following reasons, the decision of the Bankruptcy Court is AFFIRMED.

FACTS

In 2006, Appellant Kenneth Wronke obtained a judgment against Appellee Barbara Jean Rothermel in Vermilion County Circuit Court. On December 29, 2006, Rothermel filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. Wronke was listed as a creditor on her bankruptcy petition. On January 16, 2007, Wronke filed a complaint with the

Bankruptcy Court. In his complaint, Wronke asserted that Rothermel was employed by Flex-N-Gate, an automotive business, for many years. Wronke stated that the W-2 Rothermel received from Flex-N-Gate did not reflect money paid by the owner of Flex -N- Gate for "animal care, child sitting, house sitting, and other odd jobs." Wronke further stated Rothermel did not pay rent at her residence. As a result of these assertions, Wronke asked the Bankruptcy Court to deny Rothermel's Petition for Chapter 7 Bankruptcy.

The Bankruptcy Court held a trial on the matter on June 7, 2007. At the trial, only Rothermel was called as a witness. Rothermel testified that she began paying rent to her mother-in-law in 1999 on her residence. Prior to that date, she was not paying rent. Rothermel testified that her bankruptcy petition contained no false statements. Rothermel stated that she is paid by Flex-N-Gate to be the housekeeper for Mr. Kahn, the owner of Flex-N-Gate. Rothermel indicated she was a salaried worker and last received overtime in 2004. This overtime consisted of "a couple of hundred dollars" as a bonus for staying at the Kahns' house for an extended period of time. At the conclusion of her testimony, Bankruptcy Judge Gerald Fines found Rothermel to be a credible witness and found in favor of Rothermel. Rothermel's debt was discharged and her bankruptcy estate closed on June 26, 2007.

## ANALYSIS

On appeal, the bankruptcy court's legal conclusions are reviewed under a *de novo* standard, while this court applies the deferential clearly erroneous standard to factual findings. Matter of Thirtyacre, 36 F.3d 697, 700 (7th Cir. 1994). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Thirtyacre, 36 F.3d at 700. On appeal, Wronke

argues the Bankruptcy Court erred in denying his complaint based upon Rothermel's testimony at trial. Wronke focuses on Rothermel's testimony that in 2004 she received what she characterized as a "bonus" or "gift" from her employer in the amount of "a couple of hundred dollars" for staying at the Khan's house while they were out of town. Rothermel testified that she was not paid for that most of the time because she is a salaried employee. Although Wronke did not indicate under which subsection he brought his complaint, the Bankruptcy Court analyzed Wronke's claim under four subsections of § 727 of the Bankruptcy Code, which state in relevant part:

The court shall grant the debtor a discharge unless –

. . .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –

    (A) property of the debtor, within one year prior before the date of the filing of the petition; or

    (B) property of the estate, after the date of the filing of the petition.

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) the debtor knowingly and fraudulently, in or in connection with the case–

>    (A) made a false oath or account;

. . .

> (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

11 U.S.C. § 727. The party objecting to discharge must establish grounds for the denial of discharge under 11 U.S.C. § 727(a) by a preponderance of the evidence. In re Chadwick, 335 B.R. 694, 701 (W.D. Wis. 2005).

The Bankruptcy Court found that Wronke failed to establish the elements under any of these subsections. Specifically, the Bankruptcy Court found in its Opinion entered June 13, 2007, that Rothermel was a credible witness. Wronke presented no other evidence at trial. As concerns subsection 2, the Bankruptcy Court found that Rothermel failed to act "with actual intent to hinder, delay, or defraud her creditors or an officer of her bankruptcy estate." With regard to subsection 3, the Bankruptcy Court found that Rothermel "supplied sufficient information to ascertain her financial condition accurately for a reasonable period of time prior to her filing for Chapter 7 bankruptcy relief." The Bankruptcy Court further found that Wronke failed to establish any elements necessary to establish a violation of subsection 4 and that Rothermel provided "a satisfactory and reasonable explanation to support her inability to pay her creditors and her need for Chapter 7 relief" pursuant to subsection 5.

After a careful review of the record in this case, this court finds no reason to reverse the determinations of the Bankruptcy Court. Judge Fines found Rothermel to be a credible witness, and Rothermel testified she did not intentionally make any false statements on her bankruptcy petition.

This court gives deference to the Bankruptcy Court's assessment of credibility of a debtor. <u>Chadwick</u>, 335 B.R. at 701. There is nothing in the record to indicate that Rothermel's failure to report the $200 she received in 2004 was intentional as required by subsection 2, that Rothermel intentionally concealed information as required by subsection 3, that Rothermel knowingly made a false statement as required by subsection 4, or that Rothermel failed to satisfactorily explain the loss or deficiency of assets as required by subsection 5. <u>See</u> <u>Chadwick</u>, 335 B.R. at 700-03. Therefore, there is no basis to overturn the decision of the Bankruptcy Court.

IT IS THEREFORE ORDERED:

    (1) The judgment of the Bankruptcy Court is AFFIRMED.

    (2) This case is terminated.

                  ENTERED this 24th day of October, 2007

                      **s/ Michael P. McCuskey**
                      MICHAEL P. McCUSKEY
                      CHIEF U.S. DISTRICT JUDGE